Office of the
# FEDERAL PUBLIC DEFENDER
for the District of Arizona
**Capital Habeas Unit**

**Jon M. Sands**
Federal Public Defender

**direct line**: 602.382.2865
**email**: robin.konrad@fd.org

July 9, 2013

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

    Re:   *Dickens v. Ryan*, No. 08-99017, Letter pursuant to Rule 28(j)

Dear Ms. Dwyer:

    Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, Appellant Gregory Dickens refers this Court to two cases relevant to an issue raised during argument before the En Banc Court on June 24, 2013.

    Specifically, the Court asked whether Mr. Dickens's claim of ineffective assistance of post-conviction counsel could be raised in state court. In two recent death-penalty cases, the Superior Court of Arizona found that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), was inapplicable to the state courts and did not overrule existing Arizona Supreme Court precedent. *See State v. Lopez*, No. CR0000-163419, at 3 (Super. Ct. Maricopa Cnty., Ariz. Mar. 30, 2012) (rejecting defendant's argument that *Martinez* created new law applicable to state courts, and holding that a claim of ineffective assistance of post-conviction counsel is "not cognizable" under Arizona law), *pet. for review den.*, No. CR-12-0187-PC (Ariz. May 9, 2012); *State v. Schad*, No. P1300-CR8752, at 4-5 (Super. Ct. Yavapai Cnty., Ariz. Jan. 18, 2013) (same), *pet. for review den.*, No. CR-13-0058-PC (Ariz. Feb. 26, 2013).[1]

---

[1] Because these orders are unpublished, Mr. Dickens has appended them to this letter for the Court's reference.

Sincerely,

s/Robin C. Konrad
Assistant Federal Public Defender

## Certificate of Service

      I hereby certify that on July 9, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Michelle Young
Legal Assistant
Capital Habeas Unit

## SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI

| STATE OF ARIZONA,<br><br>Plaintiff,<br><br>-vs-<br><br>EDWARD H. SCHAD,<br><br>Defendant. | Case No. P1300CR8752<br><br>RULING | FILED<br>DATE: JAN 1 8 2013<br>4:19 O'Clock P .M.<br>SANDRA K. MARKHAM, CLERK<br>BY: B. Chamberlain<br>Deputy |
|---|---|---|

| HONORABLE DAVID L. MACKEY<br><br>DIVISION 1 | BY: Cheryl Wagster<br>Judicial Assistant<br>DATE: January 18, 2013 |
|---|---|

The Court has considered the defendant's Motion To Waive Informa Pauperis Declaration, Notice of Filing Declaration of Indigency and Notice of Filing Client Certification. The Court also has considered the Supreme Court's January 9, 2013 Order appointing Denise Young as counsel for defendant effective November 8, 2012.

This Court acknowledges the Supreme Court's January 9, 2013 Order appointing Denise Young as counsel for defendant effective November 8, 2012. This Court will pay counsel Denise Young at the rate of $100.00 per hour for services performed on and after November 8, 2012.

The defendant's Motion To Waive Informa Pauperis Declaration is **MOOT** in that the defendant's Petition for Post-Conviction Relief was permitted to be filed prior to receipt of the filing of the Declaration of Indigency.

The Court has reviewed the defendant's Petition for Post-Conviction Relief ("Successive Petition"), as well as the court's extensive file. The Court has also reviewed the State's Reply to Response and Supplemental Response to Motion for Warrant of Execution filed in the Arizona Supreme Court on January 2, 2013.

The Court may summarily deny a Petition for Post-Conviction Relief on preclusion grounds before the State files a response. *State v. Curtis*, 185 Ariz. 112, 115, 912 P.2d 1341, 1344 (App. 1995), *disapproved on other grounds* by *Stewart v. Smith*, 202 Ariz. 446, 46 P. 3d 1067 (2002). For the reasons enumerated below, the Court finds that the claims set forth by defendant are precluded as a matter of law.

Defendant has filed this successive Rule 32 proceeding, simultaneously with his Opposition to the Motion for Warrant of Execution following the State's Motion for Warrant of Execution filed in the Arizona Supreme Court.[1]

---

[1] The Court notes that the Arizona Supreme Court issued the warrant of execution on January 8, 2013 and execution is scheduled to take place on March 6, 2013.

State v. Schad
P1300CR8752
Page Two
January 18, 2013

Defendant was convicted in 1979 of the murder of Lorimer Grove, and sentenced to death. The conviction and sentence were affirmed on direct appeal. *State v. Schad (Schad I)*, 129 Ariz. 557, 633 P.2d 366 (1981). Defendant then sought post-conviction relief, which the trial court denied. Upon petition for review, however, the Arizona Supreme Court reversed the conviction and remanded the case for a new trial. *State v. Schad (Schad II)*, 142 Ariz. 619, 691 P.2d 710 (1984).

At the 1985 retrial, defendant was again convicted by a jury of first degree murder. Following a sentencing hearing, the court found three aggravators proven, F1 (prior conviction in which sentence of life or death imposable), F2 (prior violent offense) and F5 (pecuniary gain), determined that the mitigation presented was not sufficiently substantial to overcome any one of the aggravators, and sentenced defendant to death. The Supreme Court again affirmed the conviction and sentence on direct appeal. *State v. Schad (Schad III)*, 163 Ariz. 411, 788 P.2d 1162 (1989).

Defendant then unsuccessfully pursued post-conviction and federal habeas relief.[2] The Ninth Circuit affirmed the district court's denial of habeas relief, and affirmed the conviction and sentence. *Schad v. Ryan*, 671 F.3d 708 (9th Cir. 2011).

**Defendant's Petition Exceeds the Mandatory Page Limitation**

Initially, the Court notes that Rule 32.5, Arizona Rules of Criminal Procedure, mandates that the Petition for Post-conviction Relief not exceed 40 pages. A petition that "fails to comply with this rule shall be returned by the court to the defendant for revision with an order specifying how the petition fails to comply with the rule." Defendant's petition is 70 pages and he has not requested permission to file a petition not in compliance with Rule 32.5. However, because the Court determines that the claims raised by defendant can be addressed and resolved by reference to previous decisions in this matter, the Court declines to return the pleadings, which would serve to further delay the proceedings.

---

[2] On December 16, 1991, defendant filed a *Pro Per* Preliminary Petition for Post-Conviction Relief raising 18 claims, including the ineffective assistance of trial counsel, the trial court's failure to consider the plea offer of a life sentence and his dysfunctional, abusive upbringing as mitigating factors, the Arizona Supreme Court's failure to appropriately weigh rehabilitation and exemplary conduct, and the ineffective assistance of appellate counsel. Although this Preliminary Petition was signed by defendant, it appears to have been prepared by Arizona Capital Representation Project counsel, including current counsel Denise Young.
On October 19, 1995, defendant, with assistance of counsel, filed a Supplemental Statement of Grounds for Relief, claiming newly discovered evidence regarding witness John Duncan, "material omissions" in presentence report, ineffective assistance of trial counsel, and prosecutorial misconduct alleging failure to disclose a witness' alleged status as a police agent. On March 27, 1996 the trial court dismissed the majority of the claims raised in both petitions with the exception of the IAC claims. Following additional briefing regarding these claims and several new ones (errors in criminal history and military service, and identifying a new, critical witness), the trial court addressed the remaining claims and dismissed the petition on June 21, 1996. The Arizona Supreme Court denied defendant's petition for review on September 16, 1997.

State v. Schad
P1300CR8752
Page Three
January 18, 2013

**Claims Identified in Successive Petition**

In this successive petition, the defendant raises six claims[3] for relief:

Claim 1: Ineffective assistance of counsel at sentencing (coupled with the ineffectiveness of post-conviction counsel in failing to develop the claim, citing *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012)).

Claim 2: Prosecutorial misconduct (State's failure to disclose impeachment evidence).

Claim 3: Sentencing judge applied "causal nexus" requirement to determine relevance of mitigating evidence, in violation of Eighth and Fourteenth Amendments.

Claim 4: Defendant's sentence is disproportionate to the crime, in violation of Eighth and Fourteenth Amendments.

Claim 5: Defendant's prior Utah conviction was unconstitutionally used as the F1 and F2 aggravators.

Claim 6: Defendant's sentence should be reduced due to his good character and conduct during 34 years of incarceration – the *Lackey*[4] claim.

Pursuant to Rule 32.6(c), the Court first identifies all claims that are procedurally precluded from Rule 32 relief. A claim is precluded if it was raised, or could have been raised, on direct appeal or in prior collateral proceedings. *State v. Shrum*, 200 Ariz. 115, ¶12, 203 P.3d 1175 (2009); *State v. Towery*, 204 Ariz. 386, 64 P.3d 828 (2003); *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002); *State v. Mata*, 185 Ariz. 319, 334, 916 P.2d 1035 (1996).

### Claim 1: Ineffective assistance of counsel at sentencing

In Claim 1, defendant alleges, in essence, a "failure of mitigation to outweigh the aggravators" claim, faulting either trial counsel (failure to investigate and present evidence at sentencing) or post-conviction counsel (failure to raise the claim).

---

[3] The Court attempted to follow defendant's outline of his Claims for Relief, running from pp. 21-70 of his Successive Petition, but was unable to follow the number/letter scheme; consequently, the Court has simply adopted as "claims" the listing set forth at pp. 1-4 of the Successive Petition.
[4] *Lackey v. Texas*, 514 U.S. 1045 (1995).

State v. Schad
P1300CR8752
Page Four
January 18, 2013

In *Stewart v. Smith*, 202 Ariz. 446, 450, 46 P.3d 1067 (2002), the Arizona Supreme Court instructed:

> With some petitions, the trial court need not examine the facts. For example, if a petitioner asserts ineffective assistance of counsel at sentencing, and, in a later petition, asserts ineffective assistance of counsel at trial, preclusion is required without examining facts. The ground of ineffective assistance of counsel cannot be raised repeatedly. There is a strong policy against piecemeal litigation. *See State v. Spreitz*, 202 Ariz. 1, 39 P.3d 525 (2002).

The defendant's claim fits squarely within the parameters addressed in *Stewart*. In his first Rule 32 proceeding, he claimed that his trial counsel provided ineffective assistance at sentencing by failing to investigate and present mitigation evidence. Thus, because he asserted an IAC claim in his first petition, the defendant is precluded from asserting IAC at sentencing in this successive petition. As *Stewart* instructs, "preclusion is required without examining the facts." 202 Ariz. at 450.

In addition, the Court finds that Claim 1 lacks merit, for the reasons set forth by the Ninth Circuit in *Schad v. Ryan*, 671 F.3d 708 (9th Cir. 2011). The Ninth Circuit noted that defendant presented additional mitigating evidence in support of his federal habeas petition and that the district court "held that even if the evidence were considered in federal court, the evidence did not show that sentencing counsel was deficient in failing to present it. The court ruled the strategy counsel pursued was competent and that the newly proffered evidence could not have affected the result." *Id*. at 722.

Finally, contained within Claim 1 is defendant's claim that his first Rule 32 counsel was ineffective for failing to raise a claim of IAC at sentencing. *See* Successive Petition at 21-22. Defendant claims that the alleged ineffectiveness of post-conviction counsel, undeveloped previously, is now viable under *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 1315 (2012).

The Arizona Supreme Court has repeatedly held that a claim that Rule 32 counsel provided ineffective assistance in a prior collateral Rule 32 proceeding is not a valid substantive claim under Rule 32. *State v. Mata*, 185 Ariz. 319, 333 n.9, 336-37, 916 P.2d 1035, 1049 (1996); *State v. Krum*, 183 Ariz. 288, 291-92, 903 P.2d 596, 599-600 (1995). This Court is bound to follow Supreme Court precedent.

Defendant ignores this precedent and instead relies on the United States Supreme Court's opinion in *Martinez*. The Court finds that *Martinez* does not squarely address the issue presented here. The issue addressed in *Martinez* concerned federal habeas law and specifically whether the acts or omissions of his attorneys constituted "cause" to excuse Martinez's procedural default. *Martinez* did not establish that a defendant has a federal constitutional right to effective assistance of PCR counsel.

State v. Schad
P1300CR8752
Page Five
January 18, 2013

Moreover, the United States Supreme Court has previously stated that "[t]here is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson,* 501 U.S. 722, 752 (1991)(citations omitted). The Court has also noted that this is true even though there exists a state-created right to counsel on post-conviction proceedings after exhaustion of the appellate process. *Pennsylvania v. Finley,* 481 U.S. 551 (1987).

The Court finds that this portion of defendant's claim for relief is not cognizable in a Rule 32 proceeding under Arizona law.

### Claim 2: Prosecutorial misconduct

In Claim 2, defendant alleges that the State failed to disclose impeachment evidence as to the witness John Duncan, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). The Court finds that this claim is precluded, pursuant to Rule 32.2(a)(3), because it could have been raised in the prior Rule 32 proceeding but was not.

The Court also finds Claim 2 lacks merit, for reasons set forth by the Ninth Circuit in *Schad v. Ryan.* Although the State conceded in the federal habeas proceeding that it should have disclosed the material, the Ninth Circuit agreed with the district court that the omission did not justify habeas relief because it resulted in little or no prejudice, given the extensive impeachment material already available to the defense. The court held that absent prejudice, the prosecutor's actions did not constitute a *Brady* violation. 671 F.3d at 714-16. Having been addressed by that court in a collateral proceeding, this claim also is precluded under Rule 32.2(a)(2).

### Claim 3: Sentencing judge applied "causal nexus" requirement
### Failure to Consider Mitigation

In Claim 3, defendant alleges that the trial court committed error in failing to consider mitigation evidence. This claim is precluded, pursuant to Rule 32.2(a)(2), because it was raised on appeal and the Arizona Supreme Court not only found that the trial court had properly considered mitigation, but also considered the mitigation in its own independent review of the death sentence. *Schad III,* 163 Ariz. at 421, 788 P.2d at 1172.

The Court also finds that Claim 3 lacks merit, for reasons stated by the Ninth Circuit in *Schad v. Ryan,* 671 F.3d at 722-25. That court found the "state courts did not unconstitutionally fail to consider mitigating evidence" and specifically stated:

State v. Schad
P1300CR28752
Page Six
January 18, 2013

> Absent a clear indication in the record that the state court applied the wrong standard, we cannot assume the courts violated *Edding's* constitutional mandates. ….
> Moreover, where, as here, the sentencing court states that it has considered all the mitigating evidence offered, we may not second-guess its actions. *See id.* ("This court may not engage in speculation as to whether the trial court actually considered all the mitigating evidence; we must rely on its statement that it did so.")."

671 F.3d at 725.

### Claim 4: Capital sentence is disproportionate to crime

In Claim 4, defendant alleges that his sentence is disproportionate to the crime, on both constitutional grounds as well as based on the pre-trial plea offer that would have resulted in a life sentence.

The Court finds that Claim 4 is precluded, pursuant to Rule 32.2(a)(2), because it was raised and rejected by the Arizona Supreme Court on direct appeal. *Schad III*, 788 P.2d at 1173. In *Shad III*, the Court conducted an independent review and specifically determined that the death penalty was not disproportionate:

> After considering the defendant's claims of error, we make an independent review to determine whether the death penalty is excessive or disproportionate to the penalty imposed in similar cases. … We compare the defendant and his crime to those cases where the death penalty was properly imposed because the crime was committed in a manner raising it above "the norm" of first degree murders, or the defendant's background places him above "the norm" of first degree murderers. …We also compare the defendant and his crime to those cases where we have lessened the penalty imposed to life imprisonment. …
>
> There are numerous instances where we have upheld the imposition of the death penalty when the murder was committed for pecuniary gain. …We have also upheld the death penalty in cases where the defendant had prior convictions punishable by life imprisonment. ….
>
> Nothing in the present case leads us to consider that death is a disproportionate punishment. The defendant does not fall within any of the cases where we have reduced the death penalty to life imprisonment. We find nothing in the record otherwise making his sentence disproportionate. The defendant does, however, fall within those cases where the death sentence was properly imposed. Thus, the imposition of the death penalty is justified.

163 Ariz. at 422-23, 788 P.2d at 1173-74 (citations omitted).

State v. Schad
P1300CR8752
Page Seven
January 18, 2013

Defendant's claim that the existence of a pretrial plea offer establishes the maximum penalty also lacks merit. Before trial commenced for the first time in 1979, the State offered defendant the opportunity to plead guilty to first degree murder and be sentenced to life imprisonment. Defendant alleges that in doing so, the State effectively established the maximum sentence that could be imposed for the crime, notwithstanding his rejection of the offer at that time.

A criminal defendant has no constitutional right to a plea agreement and the State is not required to offer one. *State v. Darelli,* 205 Ariz. 458, 461, 72 P.3d 1277, 1280 (App. 2003). The fact that the State has offered a plea agreement to defendant that he chose to reject does not thereafter bar the State from prosecuting him to full extent of the law. To hold otherwise would violate the separation of powers doctrine. The Court has no authority to reduce defendant's sentence to life imprisonment simply because pretrial the State offered him such a plea.

### Claim 5: Unconstitutional prior conviction used as aggravators
### Claim 5--Utah Prior Conviction

In Claim 5, defendant challenges the Utah conviction that the trial court found established the F1 and F2 aggravators.

The Court finds this claim is precluded, pursuant to Rule 32.2(a)(2), because it was raised and rejected by the Arizona Supreme Court on appeal. *Schad III*, 163 Ariz. at 418-19, 788 P.2d at 1169-70. Defendant was convicted of second degree murder in Utah in 1968. The murder occurred in connection with mutual acts of sodomy. Although the crime of sodomy was subsequently reduced to a misdemeanor in Arizona, in 1968 sodomy was a felony in both Utah and Arizona. Defendant claimed on appeal that because sodomy was subsequently reduced to a misdemeanor and there was no longer an offense of second degree felony murder in Arizona, his Utah conviction could not be used as a F1 or F2 aggravator. The Supreme Court rejected this argument, finding that it mischaracterized the nature of defendant's Utah conviction:

> In considering a prior offense for sentencing purposes, a court looks at the penalty in effect under Arizona law at the time the defendant was sentenced for the prior offense, not the penalty for the prior offense at the time of sentencing for a subsequent conviction. … The defendant concedes that pursuant to former A.R.S. §§ 13–453(B) and –1644, the maximum penalty for second-degree murder in 1968 was life imprisonment.… However, the defendant contends that aggravating his sentence under these circumstances would violate his constitutional rights.

State v. Schad
P1300CR8752
Page Eight
January 18, 2013

> Contrary to the contention implicit in defendant's argument, the prior conviction in Utah was not merely for committing sodomy. The defendant was found guilty of committing a dangerous act while engaging in sodomy. The Utah Supreme Court specifically found that sodomy performed while engaging in auto-erotic asphyxiation constituted a dangerous felony. *See State v. Schad,* 24 Utah 2d 255, 470 P.2d 246 (1970).
>
> …
>
> The defendant's second degree murder conviction in Utah was not based on the mere act of sodomy but *the manner* in which it was performed. …Under similar circumstances the defendant's conduct would have constituted second degree murder in Arizona.

*Schad III*, 163 Ariz. at 261, 470 P.2d at 250 (citations omitted).

In addition, even if defendant's claim had merit, he would not be entitled to relief. In its special verdict imposing the death sentence, the trial court found that the total mitigation was not sufficiently substantial to overcome *any one* of the aggravating circumstances. Defendant does not contest the pecuniary gain aggravator in his Successive Petition. As noted by the Arizona Supreme Court, the evidence "strongly supports the finding by the trial judge that the aggravating circumstance of pecuniary gain existed in this case." *Schad III*, 163 Ariz. at 261, 470 P.2d at 250. Thus, even if defendant's claim that the Utah conviction was improperly considered as an aggravating factor is colorable, any error is harmless because the pecuniary gain aggravator is sufficient to support a sentence of death.

### Claim 6: Good character and conduct (*Lackey* claim)

Defendant's last claim is based on the United States Supreme Court's order denying certiorari in *Lackey v. Texas*, 514 U.S. 1045 (1995). In *Lackey*, the Supreme Court declined to review a claim that execution of a defendant after he spent many years on death row would constitute cruel and unusual punishment. So-called "*Lackey* claims" have found no support in the courts that have addressed them. *See Allen v. Ornoski*, 435 F.3d 946, 958-60 (9th Cir. 2006) (surveying opinions, all rejecting asserted *Lackey* claims). The Arizona Supreme Court has similarly rejected *Lackey* claims. *See State v. Murdaugh*, 97 P.3d 844, ¶¶ 30-31 (Ariz. 2004); *State v. Schackart*, 947 P.2d 315, 336 (Ariz. 1997).

Defendant's potential for rehabilitation was considered by the Arizona Supreme Court in *Schad III*:

> The defendant next argues that the trial court erred by failing to consider the defendant's potential for rehabilitation ….Contrary to the defendant's claim, the trial court did find and consider the defendant's potential for rehabilitation. Nevertheless, the trial court found this to be insufficient to overcome any of the aggravating factors.
>
> …

State v. Schad
P1300CR8752
Page Nine
January 18, 2013

> We also conclude that the mitigating circumstances are insufficient to outweigh a single aggravating factor. Although the defendant has continued to show exemplary behavior while incarcerated, we do not find this to be sufficiently substantial to call for leniency.

*Schad III*, 163 Ariz. at 421, 788 P.2d at 1172.

Defendant cites no authority and this Court has found none supporting his contention that it has the authority to reduce a lawfully-imposed sentence absent a finding of a constitutional violation. In *State v. Pike*, 133 Ariz. 178, 650 P.2d 480 (App. 1982), the defendant failed to attack his sentence under Rule 32.1 (b) or (c). Nonetheless, the trial court reduced the sentence based on the defendant's claim of rehabilitation. The Court of Appeals held that the trial court lacked jurisdiction to reduce a lawfully-imposed sentence that had been affirmed on direct appeal because there was no constitutional violation supporting Rule 32.1 relief.

Defendant also appears to assert that he is not precluded from relief at this late stage either because there has been a significant change in the law (Rule 32.1(g)) or that the underlying facts show the trial court would not have imposed the death penalty (Rule 32.1(h)). Neither provision obviates preclusion: as previously determined, *Martinez* is inapplicable, and the decisions of all the courts previously reviewing this matter have affirmed imposition of the death penalty. For this reason and because counsel has failed to set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner, the Court finds neither Rule 32.1(g) nor Rule 32.1(h) applicable.

The Court finds that defendant has failed to raise any colorable claims for relief and that no purpose would be served by any further proceedings.

**IT IS THEREFORE ORDERED** dismissing defendant's Successive Petition for Post-Conviction Relief.

DATED THIS 18th DAY OF JANUARY, 2013

_____
Honorable David L. Mackey

cc: Kent Cattani – AAG, 1275 W. Washington, Phoenix, AZ 85007
    Denise I. Young – 2930 N. Santa Rosa Place, Tucson, AZ 85712

Michael K. Jeanes, Clerk of Court
\*\*\* Electronically Filed \*\*\*
04/03/2012 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 0000-163419                                              03/30/2012

                                                    CLERK OF THE COURT
HONORABLE WARREN J. GRANVILLE              B. Navarro
                                                         Deputy

STATE OF ARIZONA                           SUSANNE B. BLOMO

v.

SAMUEL V LOPEZ (A)                         SAMUEL V LOPEZ
                                           #43833/ASPC/EYMAN COMPLEX
                                           PO BOX 3400
                                           FLORENCE AZ  85232
                                           DENISE I YOUNG

                                           COURT ADMIN-CRIMINAL-PCR
                                           VICTIM WITNESS DIV-AG-CCC

### PCR DISMISSED

The Court has reviewed the defendant's Notice of Post-Conviction Relief, Petition for Post-Conviction Relief, Motion to Exceed Page Limits for Petition for Post-Conviction Relief, the State's response, and the defendant's reply and Supplemental to Petition for Post-Conviction Relief, as well as the court's file. This is a successive Rule 32 petition in which the defendant claims he is entitled to relief based upon a significant change in the law and newly discovered evidence. Ariz.R.Crim.P. 32.1(e) and (g).

The defendant was convicted of first degree murder, kidnapping, sexual assault and burglary by a jury and sentenced to death for the murder by a judge. On direct appeal, the Arizona Supreme Court affirmed the convictions but vacated and remanded for a new sentencing proceeding. *State v. Lopez (Lopez I)*, 163 Ariz. 108, 786 P.2d 959 (1990). The defendant was again sentenced to death by a judge, and this sentence was affirmed by Arizona Supreme Court. *State v. Lopez (Lopez II)*, 175 Ariz. 407, 857 P.2d 1261 (1993).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 0000-163419                                                                 03/30/2012

The defendant then sought Rule 32 relief. In his petition, he raised claims of ineffective assistance of counsel, specifically that his attorney failed to move for a change of judge, failed to object to flawed presentence reports, and failed to provide key documents to his medical expert for consideration before testifying at sentencing. The trial judge dismissed the petition, finding that trial counsel's performance did not fall below prevailing professional norms and there was no reasonable probability of a different trial or sentencing outcome based on alleged ineffective assistance of counsel. The Arizona Supreme Court denied review.

In this successive petition, the defendant raises two claims for relief. He first claims that his first Rule 32 counsel was ineffective for failing to raise a claim of ineffective assistance of counsel at sentencing. The Arizona Supreme Court has repeatedly held that a claim that Rule 32 counsel provided ineffective assistance in a prior Rule 32 proceeding is not a valid substantive claim under Rule 32. *State v. Mata,* 185 Ariz. 319, 333 n.9, 336-37, 916 P.2d 1035, 1049 (1996); *State v. Krum*, 183 Ariz. 288, 291-92, 903 P.2d 596, 599-600 (1995).

The defendant recognizes this precedent but asserts that the United States Supreme Court's recent decisions in *Maples v. Thomas*, __ U.S. __, 132 S. Ct. 912 (2012), and *Martinez v. Ryan*, __ U.S. __, 2012 WL __ (March 20, 2012), are significant changes in the law that apply to his case. The Court finds that these decisions are not applicable to the defendant. The underlying issue in *Maples* was whether "cause" existed under federal law to overcome a state procedural default. *See* 132 S. Ct. at 922 (explaining the general rule). The Court held that Maples had shown ample cause "to excuse the procedural default into which he was trapped when counsel of record *abandoned* him without a word of warning." *Id*. at 927 (emphasis added). The record here shows that the defendant's PCR counsel did not "abandon" him, but rather pursued the PCR on his behalf.

In *Martinez*, the defendant had failed to raise a claim of ineffective assistance of counsel in his first PCR and thus was found precluded from raising this ground in subsequent PCR proceedings and federal habeas. The Court held that under these circumstances, federal courts may as a matter of equity excuse a defendant's procedural default of failing to comply with a state collateral review rule if that lack of compliance is attributable to an attorney's failure to deliver constitutionally effective assistance. The Court equated the PCR attorney's failure to be the same as having no attorney to assist the defendant, thereby allowing the lower court to consider exercising its equitable powers to waive the procedural default if the defendant is able to demonstrate that his ineffective assistance of counsel claim is substantial and that he suffered prejudice. Again, the record here shows that unlike Martinez, the defendant raised ineffective assistance of counsel claims in his first PCR.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 0000-163419                                                                      03/30/2012

Neither *Maples* nor *Martinez* held that there is a constitutional right to effective assistance of counsel in the first Rule 32 proceeding. Thus, the Arizona Supreme Court's holdings in *Mata* and *Krum* remain controlling law and this Court is bound to follow them.

The Court finds that *Maples* and *Martinez* do not apply to the defendant and his claim that his first PCR counsel was ineffective is not cognizable in a Rule 32 proceeding under Arizona law. Because this claim is not cognizable under controlling precedent, the Court also rejects the defendant's assertion that first PCR counsel's ineffectiveness is "newly-discovered evidence."

In his second claim for relief, the defendant claims that his trial counsel provided ineffective assistance at sentencing. The Court finds this claim precluded because, as previously noted, the defendant raised claims of ineffective assistance of counsel in his first PCR.

Pursuant to Rule 32.2, a claim is precluded if it was raised, or could have been raised, on direct appeal or in prior Rule 32 proceedings. *State v. Shrum*, 200 Ariz. 115, ¶12, 203 P.3d 1175 (2009); *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002); *State v. Mata*, 185 Ariz. 319, 334, 916 P.2d 1035 (1996); *State v. Conner*, 163 Ariz. 97, 99–100, 786 P.2d 948, 950–51 (1990).

In *Stewart*, the Arizona Supreme Court instructed:

> With some petitions, the trial court need not examine the facts. For example, if a petitioner asserts ineffective assistance of counsel at sentencing, and, in a later petition, asserts ineffective assistance of counsel at trial, preclusion is required without examining facts. The ground of ineffective assistance of counsel cannot be raised repeatedly. There is a strong policy against piecemeal litigation. *See State v. Spreitz*, 202 Ariz. 1, 39 P.3d 525 (2002).

202 Ariz. 446, 450, 46 P.3d 1067 (2002).

The defendant's second claim fits squarely within the parameters addressed in *Stewart*. He raised ineffective assistance of counsel claims related to the trial and sentencing proceedings. Thus, like the example set out in *Stewart*, because he asserted ineffective assistance of counsel claims in his first PCR, the defendant is precluded from asserting in this successive PCR another claim that his counsel provided ineffective assistance at sentencing. As *Stewart* instructs, "preclusion is required without examining the facts." *Stewart*, 202 Ariz. at 450.

**THE COURT FINDS** that the defendant is procedurally precluded from relief regarding his two claims.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 0000-163419                                          03/30/2012

**IT IS THEREFORE ORDERED** dismissing the defendant's Petition for Post-Conviction Relief.

This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp. Attorneys are encouraged to review Supreme Court Administrative Order 2011-140 to determine their mandatory participation in eFiling through AZTurboCourt.